**Guoqin ZHAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74184.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Vargas & Associates, Alhambra, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Jennifer L. Lightbody, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Guoqin Zhao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

The BIA denied relief on the ground that Zhao was not credible, and the record does not compel a contrary conclusion. *See Chebchoub,* 257 F.3d at 1042. First, Zhao's testimony was internally inconsistent regarding his interactions with police following his release from detention for participating in a protest. *See id.* at 1043 (explaining that one material inconsistency can be sufficient to support an adverse credibility determination). Second, Zhao's claim that authorities were monitoring him and that he furtively departed from China was inconsistent with his passport, which indicates he left China through normal procedures. Finally, Zhao failed to mention in his otherwise detailed asylum application, interactions he had with police after he was released from detention, four or five incidents in which Zhao's cell mates beat him up at the urging of police, and Zhao's subsequent hospital treatment for severe injuries. *See id.* The BIA adequately considered Zhao's explanations regarding these discrepancies. *See Wang v. INS,* 352 F.3d 1250, 1256–57 (9th Cir.2003) (upholding IJ's determination that petitioner's explanation for inconsistency was unlikely). Accordingly, substantial evidence supports the adverse credibility determination.

In the absence of credible testimony, Zhao failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

